UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| STEVEN D. CORREIA, | * | |
|---|---|---|
| | * | |
| Petitioner, | * | |
| | * | Civil Action No. 1:16-cv-12531-IT |
| v. | * | |
| | * | |
| SEAN MEDEIROS, | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM & ORDER

TALWANI, D.J.

Petitioner Steven D. Correia filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus [#1] to remedy his allegedly unlawful detention. Presently at issue are Respondent Sean Medeiros' Motion to Dismiss Petition for Writ of Habeas Corpus [#20] and Correia's Motion for Leave to File Amended Petition for Writ of Habeas Corpus [#36]. For the following reasons, Respondent's Motion [#20] is ALLOWED, and Correia's Motion [#36] is DENIED.

I.  Background

In February 1990, Correia was convicted by a Massachusetts Superior Court jury of kidnapping and aggravated rape. See Findings of Fact, Rulings of Law, and Order on Def.'s Mot. for a New Trial ("Order on Def.'s Mot. for a New Trial") [#1-1]. He was sentenced to life in state prison. See id. Correia timely appealed his conviction and the Massachusetts Appeals Court affirmed in June 1994. Commonwealth v. Correia, 636 N.E.2d 1372 (Mass. App. Ct. 1994). The Massachusetts Supreme Judicial Court ("SJC") denied Correia's request for further appellate review on September 9, 1994. Commonwealth v. Correia, 640 N.E.2d 475 (Mass. 1994).

In October 2012, Correia filed a motion for a new trial pursuant to Massachusetts Rule of Criminal Procedure 30(b), alleging that the courtroom was improperly closed during jury voir

dire, in violation of Correia's Sixth Amendment right to public trial. Order on Def.'s Mot. for a New Trial [#1-1]. After an evidentiary hearing, the motion judge denied Correia's motion in August 2013. Id. Correia appealed this order and the Massachusetts Appeals Court affirmed in October 2015. Commonwealth v. Correia, 39 N.E.3d 470 (Mass. App. Ct. 2015). The Appeals Court agreed with Correia that the closure of the courtroom during jury voir dire did amount to a constitutional violation, but found that Correia waived any remedy by consenting to the closure of the courtroom at the time of the voir dire. Id. at *1. The SJC denied Correia's application for further appellate review on December 3, 2015. Commonwealth v. Correia, 41 N.E.3d 1091 (Mass. 2015).

Correia subsequently filed the petition now before this court. For purposes of the pending motion, the court assumes the petition was filed on November 29, 2016, the date, according to Correia's certification, that the petition was placed in the prison mail system. See Morales-Rivera v. United States, 184 F.3d 109, 109 (1st Cir. 1999) (establishing that "a pro se prisoner's motion under 28 U.S.C. § 2255 or § 2254 is filed on the date that it is deposited in the prison's internal mail-system for forwarding to the district court, provided that the prisoner utilizes, if available, the prison's system for recording legal mail").

II. Discussion

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). For petitions accruing prior to AEDPA's effective date of April 24, 1996, there is a one-year grace period running from April 24, 1996. See Gaskins v. Duval, 183 F.3d 8, 9 (1st Cir. 1999).

Here, the time for seeking collateral review of Correia's state-court conviction following the SJC's 1994 decision on his direct appeal accrued before AEDPA's effective date of April 24, 1996. Correia thus had until April 24, 1997 to file his habeas petition.

Correia contends that he only learned in 2012 from other prisoners that his Sixth Amendment right to public trial may have been violated. Pet.'s Opp'n 2-3, 6 [#38]. However, it has been long established that the closure of a courtroom during jury voir dire may violate a defendant's constitutional rights, see Presley v. Georgia, 558 U.S. 209, 212 (2010) (citing Waller v. Georgia, 467 U.S. 39 (1984); Press–Enterprise Co. v. Superior Court of Cal., Riverside Cty., 464 U.S. 501 (1984)), and Correia concedes that he did not object at trial to the voir dire procedure, id. at 8. Correia's discovery in 2012 that his right to public trial may have been violated does not revive the expired statute of limitations.

Correia contends also that his post-conviction motion for a new trial filed in 2012 revived the previously-expired limitations period. See 28 U.S.C. § 2244(d)(2) (establishing that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation"). But, while a motion for a new trial under Massachusetts Rule 30(b) tolls the statute

3

of limitations when filed before the statute of limitations has run, see Holmes v. Spencer, 685 F.3d 51, 57 (1st Cir. 2012) (treating petitioner's Rule 30(b) motion as a form of collateral review which tolled the statute of limitations for AEDPA purposes), such a motion does not revive the statute of limitations when the statute of limitations has expired before the motion was filed, see Cordle v. Guarino, 428 F.3d 46, 48 (1st Cir. 2005) ("Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired" (quoting Dunker v. Bissonnette, 154 F. Supp. 2d 95, 103 (D. Mass. 2001))).

Equitable considerations do not help Correia. Though the statute of limitations may be tolled in "rare and exceptional cases" under the doctrine of equitable tolling, Holmes, 685 F.3d at 62, the petitioner bears the burden of establishing the grounds for equitable tolling by demonstrating both that he has been "pursuing his rights diligently" and that "extraordinary circumstances have stood in his way," id. (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)). Nothing in the record allows this court to find that something extraordinary prevented timely filing.

In his Motion for Leave to File Amended Petition for Writ of Habeas Corpus [#36], Correia seeks to amend his habeas petition with "necessary information" including "an explanation for why his Petition is not time-barred." Id. at 1. The court has carefully reviewed the information that Correia seeks to include in his amended petition, but finds the amendment futile, for even with the addition of that information, the amended petition is time-barred.

III.    Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus [#20] is ALLOWED. Correia's Petition under 28 U.S.C. § 2254 for Writ of Habeas

4

Corpus [#1] and Motion to File Amended Petition for Writ of Habeas Corpus [#36] are

DENIED.

    IT IS SO ORDERED.

Date: January 11, 2018                                                      /s/ Indira Talwani
                                                                                 United States District Judge